Enie WIDJAJA, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

Nos. 03–70281, 03–71498.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2004.

Decided May 20, 2004.

Eugene C. Wong, Esq., Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., John S. Hogan, Isaac R. Campbell, Esq., John C. Cunningham, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM *

The Board of Immigration Appeals' (BIA) streamlined decision affirmed, without opinion, the Immigration Judge's (IJ) denial of Widjaja's asylum application. Therefore, the IJ's decision is the final agency action for purposes of this appeal. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003). The IJ's determination that Widjaja is ineligible for asylum "can be reversed only if the evidence pre-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sented by [Widjaja] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citation omitted).

■ The incidents Widjaja described in her testimony and asylum application do not compel a finding of past persecution. *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir.2004) (en banc) (characterizing "persecution as an extreme concept, marked by the infliction of suffering or harm in a way regarded as offensive.") (citation, alteration, and internal quotation marks omitted). Widjaja's persecution claim is predicated upon two incidents. Widjaja suffered no physical harm, nor was she detained as a result of either incident. In the midst of the infamous 1998 riots, the worst treatment Widjaja suffered was having two Indonesian men pound on her car windows. Without more, no finding of persecution is compelled. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (describing persecution as something other than harassment).

■ Widjaja's well-founded fear of future persecution claim also fails because the IJ's finding of an improved racial climate in Indonesia is supported by the 1999 State Department country report. Specifically, the 1999 report states that "Indonesia made significant progress in its transition ... to a more pluralistic democracy" and that "[r]acially motived attacks against ethnic Chinese dropped sharply during the year ..." Widjaja's claim of future persecution is further undermined by the fact that the majority of her immediate family has continued to live in Indonesia, and there is no evidence that the family has suffered any harm. *See Cuadras v. INS*, 910 F.2d 567, 571 (9th Cir.1990) (noting that where petitioner's family members remained unharmed in the country at issue,

petitioner's fear of persecution is undercut).

Finally, Widjaja argues that because her sister's asylum application was granted, the BIA should have granted her motion to reopen her asylum proceedings. However, based on the record before us, we cannot conclude that the BIA abused its discretion in denying Widjaja's motion. *Lin v. Ashcroft*, 356 F.3d 1027, 1034 (9th Cir. 2004) ("The BIA abuses its discretion only when it has acted arbitrarily, irrationally, or contrary to law.") (citation and internal quotation marks omitted).

**PETITION DENIED.**